1  TRINH GREEN
   870 Longridge Road
2  Oakland, CA 94610
   greentrinh1@gmail.com
3  415-307-9004

4

5  Plaintiff, *in propria persona*

6

7

8

9              UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11 
   TRINH GREEN, an individual,           )   Case No. 25-CV-03489-SI
12                                        )
                                          )
13        Plaintiff,                      )   PLAINTIFF TRINH GREEN'S
                                          )   RESPONSE TO BMW'S FILING ON
14     vs.                                )   12/1/2025
                                          )
15 BMW OF NORTH AMERICA, LLC, a           )
   Delaware limited liability company, ARC)
16 AUTOMOTIVE, INC., a Delaware           )
   corporation, and DOES 1 through 20,    )
17                                        )
                                          )
18        Defendants.                     )
                                          )

# RESPONSE TO BMW'S 11/21/25 REPORT

At the last case management hearing, on November 21, 2025, the Court ordered BMW of North America (BMW) to "find out from their sources who the manufacturer was of Plaintiff's **airbag inflater** and to provide this information to Plaintiff by 12/19/2025. Along with filing the information onto the docket." On November 21, 2025, BMW filed a statement providing information "in response to this Court's Order" ("Response"). I write to make three points in response to BMW.

## BMW HAS NOT PRODUCED THE INFORMATION ORDERED.

**First**, BMW's 11/21/25 Response does *not* provide the requested information about who manufactured the "airbag inflater" in my BMW. Instead, BMW reports:

> "BMW NA has learned from non-party BMW AG, the manufacturer of the subject 2006 BMW 525xi, that Autoliv, Inc. (Autoliv), was the Original Equipment Manufacturer ("OEM") and supplier of the driver's **airbag module in the subject BMW**. While BMW NA has confirmed that Autoliv was the supplier of the driver's **airbag module**, . . . ."

ARC has repeatedly said it makes **airbag inflaters** that go into airbag modules, not the airbag modules themselves. And it's the **airbag inflater**—*part* of the airbag module—that ruptured in my BMW. The Tier 2 maker of the airbag inflater (which is ARC, as I've alleged in my complaint) and the Tier 1 assembler of the overall airbag module (apparently, Autoliv) could be responsible, as well as the car manufacturer and seller, BMW. That's why BMW still needs to identify the maker of the **airbag inflater**, as ordered by the Court.

## BMW MISCHARACTERIZES PLAINTIFF'S BURDEN OF PROOF.

**Second**, in its Response, BMW states:

> ". . . BMW NA is unable to confirm whether the driver's airbag module in the Subject BMW on the date of the accident was in fact the OEM airbag as Plaintiff failed to preserve the Subject Vehicle. The burden rests on Plaintiff to establish the condition and components of the vehicle at the time of accident. See, *Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953 (1997); see also *Stephen v. Ford Motor Co.*, 134 Cal. App. 4th 1363 (2005), *Barrett v. Atlas Powder Co.*, 86 Cal. App. 3d 560 (1978)."

- 1 -

PLAINTIFF TRINH GREEN'S RESPONSE TO BMW'S FILING ON 12/1/25

1    In fact, the cases cited by BMW do not say that, and my burden of proof in the products
2    liability context is not so demanding.
3        *Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953 (1997). *Rutherford* did not
4    involve motor vehicles at all. Rather, it was a personal injury case brought by a worker at
5    Mare Island Shipyard against 19 different manufacturers or distributors of asbestos
6    products. Nevertheless, the case does instruct on the burden of proof: "In the context of
7    products liability actions, the plaintiff must prove that the defective products supplied by
8    the defendant were a substantial factor in bringing about his or her injury." *Id.* at 968. The
9    "substantial factor" test is not as difficult as BMW claims. Indeed, the standard was
10   "formulated to aid plaintiffs as a broader rule of causality than the 'but for' test." *Id.* at
11   969. *See also id.* at 974 (describing limits on plaintiff's burden of proof). The "substantial
12   factor standard is a relatively broad one, requiring only that the contribution of the
13   individual cause be more than negligible or theoretical." *Id.* at 978.
14       *Barrett v. Atlas Powder Co.*, 86 Cal. App. 3d 560 (1978). In *Barrett*, the plaintiff
15   was a 20-year old man who was injured while detonating 30-year old blasting caps that he
16   discovered at an abandoned gold mine. The blasting caps had been "found in a container
17   nailed to a tree more than 30 years after leaving the place of manufacture" so there was no
18   way to determine what company had manufactured them. *Id.* at 565. Here, by contrast,
19   there is no dispute that BMW was the manufacturer and retailer of my car. Furthermore,
20   *Barrett* confirms that manufacturers and retailers are both liable for defective products,
21   including for inadequate warnings. *Id.* at 564.
22       *Stephen v. Ford Motor Co.*, 134 Cal. App. 4th 1363 (2005). *Stephen* does not
23   discuss burden of proof at all. Rather, it discusses admissibility of expert evidence in
24   instances—like that case—where the complexity of causation is beyond common
25   experience. *Id.* at 1373.
26
27
28

## BMW HAS SUBPOENAED BUT FAILED TO PRODUCED DOCUMENTS FROM THE SALVAGE YARD, PICK-N-PULL.

**Third**, on October 21, 2025, BMW subpoenaed Pick-n-Pull for documentation about the subject vehicle. Pick-n-Pull is an industry-leading chain of self-service used auto parts stores providing recycled original equipment manufacturer (OEM) auto parts. Plaintiff Green has repeatedly asked BMW to produce documents obtained in response to that subpoena, but BMW has not done so or even responded.

Dated: July 24, 2025.

Respectfully submitted,

_____

Trinh Green

Plaintiff, *in propria persona*