UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRINH MY GREEN,

        Plaintiff,

    v.

BMW OF NORTH AMERICA LLC, et al.,

        Defendants.

Case No.  25-cv-03489-SI

**ORDER DISMISSING DEFENDANT ARC AUTOMOTIVE, INC. AND DENYING AS MOOT ARC'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

Re: Dkt. No. 16

Defendant ARC Automotive, Inc. ("ARC") moves to dismiss self-represented plaintiff Trinh My Green's complaint for lack of personal jurisdiction. Dkt. No. 16 (Mot.). After limited discovery from ARC and defendant BMW of North America, LLC ("BMW NA") (together with ARC, "defendants") as to whether ARC designed, manufactured, and supplied the vehicle airbags that allegedly injured Green, the Court DISMISSES ARC WITHOUT PREJUDICE and DENIES AS MOOT ARC's jurisdictional motion.

**BACKGROUND**

Green filed this products liability action against BMW NA and ARC alleging, among other things, that ARC designed, manufactured, and supplied the airbags in Green's 2006 BMW 525xi (the "Subject Vehicle"). Dkt. No. 1 (Compl.) ¶ 3. The Complaint alleges that Green was driving the Subject Vehicle when she was involved in a motor vehicle accident, which caused the airbag to deploy. *Id.* ¶¶ 8–9. The airbag "failed to deploy properly" and "sharp pieces of shrapnel or shards from the rupture or other malfunction of the airbag inflator and assembly" "caus[ed] severe and deep lacerations to Plaintiff's face, exposing muscle and nerves." *Id.* ¶ 9.

ARC moved to dismiss for lack of personal jurisdiction. *See* Mot. In support of her opposition to the Motion, Green attached an email from ARC's counsel to Green stating that "ARC did not start supplying airbag inflators to BMW until 2013. As I understand it, your vehicle was a

2006 BMW and so would not have used an ARC airbag inflator and it was likely from a company called Autoliv or possibly Takata." Dkt. No. 35-1 at ECF p.8. In light of this email, the Court deferred ruling on the Motion pending limited discovery from ARC as to whether ARC supplied the airbag inflator in the Subject Vehicle and ordered BMW NA to identify the manufacturer of the airbag inflator in the Subject Vehicle. Dkt. Nos. 48, 55.

In response, ARC produced the Declaration of Stephen C. Gold. Dkt. No. 50 at ECF pp.6–8 (Gold Decl.). Gold, ARC's Vice President of Product Integrity, explained that "ARC does not have direct transactions with OEMs; rather, it transacts with Tier 1 suppliers who then, in turn, provide inflators obtained from ARC to OEMs." *Id.* ¶¶ 1, 6. Gold further declared that ARC searched for the following documents:

- "all master contracts and/or award letters with Tier 1 suppliers in 2005 that document supply of ARC inflators to said Tier 1 supplier for subsequent provision to an OEM";

- "all master contracts and/or award letters with Tier 1 suppliers in 2006 that document supply of ARC inflators to said Tier 1 supplier for subsequent provision to an OEM"; and

- "any similar documents in the time period of 2005 and/or 2006 that established a business relationship wherein ARC had an arrangement with a Tier 1 supplier to provide inflator products with the understanding they would be used by a specific OEM."

*Id.* ¶¶ 1, 3. After "a good faith, reasonable search and diligent inquiry" and "[d]ue to the passage of time and age of records being sought, which would have been created between 19 and 20 years ago, only records relating to Hyundai were located." *Id.* ¶ 4. Gold also identified financial forecast analyses between 2005 and 2008, which listed vehicle manufacturers, which were identified "solely based on information provided by [ARC's] Tier 1 suppliers." *Id.* ¶¶ 5–6. BMW is not listed as a vehicle manufacturer. *Id.* ¶ 6 & Ex. B. The Hyundai contracts and financial forecasts were provided to the Court and Green. *Id.*, Exs. A & B.

BMW NA identified Autoliv, Inc. ("Autoliv") as the original equipment manufacturer and supplier of the driver's airbag module and inflator in the Vehicle, but stated that it could not confirm

that the Autoliv airbag was installed in the Vehicle at the time of the accident. Dkt. Nos. 58, 60. BMW NA also provided for *in camera* review a document from non-party BMW AG written in German that purportedly showed that Autoliv manufactured the airbag module and inflator in the Vehicle. Dkt. No. 65.

BMW NA did not provide an English translation of the document. Accordingly, at the Court's direction, BMW submitted a declaration from Eduardo Máximo Avilés, BMW NA's Department Head of Product Analysis. Dkt. No. 67 (Minute Entry); Dkt. No. 68 (Avilés Decl.). Avilés declares that, based on his review of the document provided to the Court, "Autoliv was the original equipment manufacturer . . . and supplier of the driver's airbag module installed in the subject 2006 BMW 525xi . . . at the time of manufacture and assembly." Avilés Decl. ¶ 4. He further declared, "I cannot confirm that the OEM driver's airbag module was installed in the subject vehicle at the time of the incident on March 16, 2023, because the subject vehicle was not preserved by Plaintiff for inspection following the subject incident." *Id.* ¶ 5.

Green contends that the Avilés Declaration stated only that "Autoliv made the airbag module" but "did not answer who made the inflator and therefore does not clear ARC Automotive." Dkt. No. 69 ¶ 1. Green further requested that the Court "allow [her] to add Autoliv and BMW AG (the manufacturer of the subject vehicle per BMW NA) as defendants[.]" *Id.* ¶ 3. BMW NA did not respond to this request.

## DISCUSSION

Considering the documents and declarations produced by ARC and BMW, it appears that Autoliv, not ARC, was the OEM and supplier of the airbags in the Subject Vehicle. Although the failure to preserve the Subject Vehicle means that neither Green nor defendants can confirm what brand of airbag was installed at the time of the accident, Green does not allege or otherwise show that the airbags in the Subject Vehicle were removed or replaced at any point prior to the accident. The Complaint's allegation that "the airbag . . . involved in this matter was designed, manufactured, and supplied by ARC" (Compl. ¶ 3) thus lacks facial plausibility for purposes of Federal Rule of Civil Procedure 12(b)(6) and fails to satisfy Federal Rule of Civil Procedure 8(a)(2), which

United States District Court
Northern District of California

3

requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Accordingly, the Court DISMISSES ARC as a defendant from this action. The dismissal is WITHOUT PREJUDICE; in the event subsequent discovery reveals that ARC did in fact design, manufacture, or supply the airbags in the Subject Vehicle at the time of the accident, Green may seek leave to amend the operative complaint.

As to Green's request that she be permitted to amend the Complaint to add BMW AG and Autoliv (Dkt. No. 69 ¶ 3), the Court GRANTS leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Any amended complaint shall be filed no later than **April 3, 2026**.

### CONCLUSION

For the foregoing reasons, the Court ORDERS the following:

1. ARC is DISMISSED WITHOUT PREJUDICDE, and ARC's Motion to Dismiss For Lack of Personal Jurisdiction is DENIED AS MOOT.

2. Green's request to amend the Complaint to add BMW AG and Autoliv as defendants is GRANTED. Green shall file her amended complaint by **April 3, 2026**.

3. A further case management conference shall be held on May 15, 2026 at 3:00 p.m. This proceeding will be held via a Zoom webinar. The parties are to register for appearances by emailing sicrd@cand.uscourts.gov by **May 8, 2026 at noon**. All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/si.

**IT IS SO ORDERED**.

Dated: March 17, 2026

_____

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

4